IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| Thomas Heath | ) | Civil Action No. 2:18-3190-RMG |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER AND OPINION** |
| Town of Isle of Palms, Isle of Palms Police Department, Mayor James Carroll, Acting Chief Kimberly S. Usry, Capt. Swain, Sgt. Derrick D. Ambas, Officer James Couche, FTO Amanda Postell and Joshua Phillips, | ) | |
| Defendants. | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 10) recommending that the motion to dismiss brought by Defendants Isle of Palms Police Department, Mayor Carroll and Acting Chief Usry ("Moving Defendants") (Dkt. No. 4) be granted. For the reasons set forth below, the Court adopts the R & R as the Order of the Court and grants Moving Defendants' motion to dismiss.

I.  **Background**

Plaintiff brings claims for violation of his constitutional rights under 42 U.S.C. § 1983 and state law claims for false imprisonment, negligence/gross negligence, slander/defamation, and assault and battery. (Dkt. No. 1-1.) His claims arise from an alleged incident in which he was arrested by the Isle of Palms Police Department on suspicion of breaking into a car. Plaintiff alleges that he was detained for approximately two hours, during which he was restrained and laid down in the back of the patrol car, causing him physical discomfort, including due to his being 90 years old, resulting in his medical alert device being activated, but ignored, and medical responders being called to assist him.

-1-

## II. Legal Standard

### A. Review of R & R

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are no objections to the R & R, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

### B. Motion to Dismiss Pursuant to Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." A motion to dismiss tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses. . . . Our inquiry then is limited to whether the allegations constitute a short and plain statement of the claim showing that the pleader is entitled to relief." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (internal quotation marks and citation omitted). On a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Although the Court must accept the facts in a light most favorable to the Plaintiff, the Court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.* Generally, to survive a motion to dismiss the complaint must provide enough facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. Pro. 8(a)(2). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Discussion

### III. <u>Discussion</u>

The Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that the Moving Defendants should be dismissed from this action. As to Defendant Isle of Palms Police Department, to state a claim pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a right secured by the federal constitution or laws was violated by a "person" acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). It is well settled that a municipal police department is not a "person" amendable to suit under § 1983. *See, e.g., Hunt v. West Columbia Police Dept.*, No. 3:14-70-MGL, 2015 WL 4274827, at *2 (D.S.C. July 14, 2015) ("A local police department, is an instrumentality of a municipality—not an independent entity—and thus is not a 'person' within the meaning of § 1983."). Regarding Plaintiff's state law claims, the South Carolina Tort Claims Act is the exclusive civil remedy available against a governmental entity in the state or its employees. S.C. Code Ann. § 15-78-30(d), (h).

As to Defendants Mayor Carroll and Acting Chief Ursy, Plaintiff's federal claim is subject to dismissal because a claim brought under § 1983 against an individual in his or her official capacity is a claim against the entity. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("Thus, while an award of damages against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself."). As with Defendant Isle of Palms Police

Department, Plaintiff's tort claims against Defendants Carroll and Usry are likewise subject to dismissal because the South Carolina Tort Claims Act mandates that "only the entity employing the employee whose act gives rise to the claim may be sued." S.C. Code Ann. 15-78-70(c).

Moreover, Plaintiff neither filed a response in opposition to the Moving Defendants' motion to dismiss nor objected to the R & R. Plaintiff's lack of response indicates his intent not to continue prosecuting his claims and, therefore, subjects the claims to *sua sponte* dismissal. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.").

For these reasons, the Magistrate Judge correctly determined that the Moving Defendants' motion to dismiss should be granted.

IV. **Conclusion**

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 10) as the Order of the Court. The claims against Defendants Isle of Palms Police Department, Mayor Carroll and Acting Chief Ursy are **DISMISSED WITH PREJUDICE**. The action as to the remaining Defendants is **REFERRED BACK** to the Magistrate Judge for pre-trial proceedings.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

February 5, 2019
Charleston, South Carolina